# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES DALTON BELL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV407-196 |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is petitioner's *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1.) Petitioner states that he filed this "'Great Writ' habeas corpus action on behalf of ALL current and past federal prisoners (since 1948) whose cases originated in, or who are located within the jurisdiction of, this judicial court." (Id. at 2.) "Additionally, [petitioner] files a F.R.Civ.P. 60(b)(4) ('judgment is void') motion as 'Next Friend' for persons no longer incarcerated, thus bringing an 'error coram nobis' action." (Id.)

---

[1] Petitioner has not paid the $5.00 filing fee and has not applied to proceed *in forma pauperis*.

The Court lacks jurisdiction to entertain petitioner's claim. "To entertain such a [§ 2241] petition, the district court must have jurisdiction over either the prisoner or his custodian."[2] King v. Lynaugh, 729 F. Supp. 57, 59 (W.D. Tex. 1990). Therefore, "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Petitioner is currently confined in the United States Penitentiary in Tucson, Arizona (Doc. 1 at 1), which lies within the District of Arizona. Consequently, the District of Arizona is the proper venue for this action. The petition, therefore, should be dismissed or transferred.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

---

[2] Though petitioner names the United States and other government agencies as the respondents, there is significant authority for the proposition that the immediate custodian is the proper party in a habeas case brought pursuant to § 2241. Rumsfeld v. Padilla, 542 U.S. 426 (2004) (§ 2241 action must be brought against petitioner's immediate custodian); Breazeale v. Bradley, 582 F.2d 56 (5th Cir. 1978); Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978). This is true because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 494-95 (1973). Other Circuits have reached similar conclusions. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 812-13 (D.C. Cir. 1988) (en banc); United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

been brought." 28 U.S.C. § 1406(a). After reviewing the dockets in other federal district courts, it is apparent that petitioner has filed identical or similar petitions in at least seventeen other districts during the last thirty days. See, e.g., Bell v. United States, No. 107cv099 (D.N.D. Dec. 13, 2007); Bell v. United States, No. 407cv387 (W.D. Tex. Dec. 3, 2007); Bell v. United States, No. 207cv462 (S.D. Tex. Dec. 3, 2007); Bell v. United States, No. 407cv506 (N.D. Fla. Nov. 29, 2007); Bell v. United States, No. 407cv687 (N.D. Okla. Nov. 30, 2007); Bell v. United States, No. 207cv925 (D. Utah Nov. 29, 2007); Bell v. United States, No. 107cv940 (E.D. Tex. Dec. 3, 2007); Bell v. United States, No. 507cv1379 (W.D. Okla. Dec. 5, 2007); Bell v. United States, No. 107cv099 (D.N.D. Dec. 13, 2007). This abusive pattern of filings persuades the Court that the interests of justice will not be served by transferring this case to petitioner's district of confinement. Accordingly, the petition should be dismissed.

Upon a thorough review of the petition, it is apparent that this petition cannot be construed as any valid complaint or petition for a writ of habeas corpus over which this Court could have jurisdiction. Petitioner's application for writ of habeas corpus should be **DISMISSED** for lack of

jurisdiction, and all pending motions should be **DENIED**. Petitioner is hereby advised that should he submit similar pleadings in the future, he will be subjected to an appropriate sanction.

**SO REPORTED AND RECOMMENDED** this 4th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA